27 N.J. Super. 30 (1953)
98 A.2d 688
E. MELVIN GODDARD, PLAINTIFF-APPELLANT,
v.
COUNTY BOARD OF ELECTIONS OF THE COUNTY OF MONMOUTH AND GORDON C. KELLY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued July 27, 1953.
Decided August 4, 1953.
*31 Before Judges CLAPP, STANTON and WOODS.
Mr. Edward J. O'Mara argued the cause for the plaintiff-appellant (Mr. Henry H. Patterson, attorney).
Mr. William T. Wichmann argued the cause for the defendant-respondent Gordon C. Kelly (Messrs. Wise & Wise, attorneys).
Mr. John M. Pillsbury argued the cause for the defendant-respondent County Board of Elections of the County of Monmouth (Messrs. Roberts, Pillsbury & Carton, attorneys).
*32 The opinion of the court was delivered by CLAPP, S.J.A.D.
The plaintiff, E. Melvin Goddard, and the defendant, Gordon C. Kelly, were candidates for the Republican nomination for the office of member of the Township Committee of Ocean Township, Monmouth County. After the primary election Mr. Goddard was declared nominated, with a reported plurality of three votes, and Mr. Kelly applied for a recount under chapter 28 of Title 19 of the Revised Statutes.
On the recount the county board of elections held there was a tie between Mr. Goddard and Mr. Kelly, deciding all questions by a unanimous vote and thereby, under the statute, leaving no question to be passed upon by the county judge who had ordered the recount.
Mr. Goddard then brought before a Superior Court judge this proceeding under chapter 29 of Title 19 to contest the election, and motion was made on Mr. Kelly's behalf to dismiss the first count of the complaint on the ground that it is insufficient in law and fact. The judge granted the motion, and Mr. Goddard appeals.
It is urged upon us that the remedies given by chapters 28 and 29 of Title 19 are not both available in this matter. That is not so. R.S. 19:29-1 is dispositive of the point. Indeed this section deals expressly with a tie, providing that "in case of a tie vote as a result of the * * * recount, either party may contest the election." Further, see R.S. 19:29-3, fixing the time for the institution of a chapter 29 proceeding in case of a recount; and Richardson v. Radics, 21 N.J. Misc. 466, 472 (Cir. Ct. 1943), reversed on other grounds 131 N.J.L. 406 (Sup. Ct. 1944).
The issues, which the complaint puts before the court here, are directed at four marked ballots. Those issues are cognizable in a chapter 28 proceeding, by virtue of the provisions of R.S. 19:16-4, as amended, and were in fact determined by the county board of elections here. However, R.S. 19:29-1 also is broad enough in its terms to cover these matters, and we see no sound constructional basis for *33 importing an exception into those terms so as to cut down their scope where the proceeding follows a recount.
It is not maintained here that the doctrine of res judicata applies to the decision of the county board of elections with respect to the marked ballots. Nor could it be maintained. As observed, the statutes clearly and without qualification permit a chapter 28 proceeding to be followed by a chapter 29 proceeding. There being no qualification in the statutes, it is not for us, in connection with issues cognizable in both proceedings, to hold the county board's determination in the earlier proceeding to be conclusive upon the court in the second proceeding. We should not, without some good ground in the statutes, impress upon such determinations of such boards the attributes of a common-law judgment. Cf. Central Home Trust Co. v. Gough, 5 N.J. Super. 295 (App. Div. 1949).
The demand or request at the end of the first count is in part inartistic. However, that does not render the count fatally defective, nor does it require amendment.
Judgment reversed.